

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. Simmons
County Auditor
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-3189
Re: Officers' salary
law - expense accounts

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"A county officer, who is under the salary system, failed to show any office expenses on his sworn statement of expenses incurred by him in the conduct of his office from July 1937 to Dec. 1940, would it be legal to show expenses for this period on Dec. 1940 report and deduct same from his fees of office?"

Henderson County, Texas, has a population in excess of twenty thousand (20,000) inhabitants according to the 1940 Federal Census and had a population in excess of twenty thousand (20,000) inhabitants according to the 1930 Federal Census. We therefore assume that its county officers have been compensated upon a salary basis since January 1, 1936, when the officers' salary law went into operation.

Section 4 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads as follows:

"In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. Simmons, page 2

known as the 'Officers' Salary Fund of _____
County, Texas.' Such fund shall be kept sep-
arate and apart from all other county funds,
and shall be held and disbursed for the pur-
pose of paying the salaries of officers and
the salaries of deputies, assistants and clerks
of officers who are drawing a salary from said
fund under the provisions of this Act, and to
pay the authorized expenses of their offices.
Such fund shall be deposited in the county de-
pository and shall be protected to the same ex-
tent as other county funds." (Underscoring ours)

It will be noted that the authorized expenses of
office in salary counties are to be paid from the officers'
salary fund.

Section 5 of Article 3912e, Vernon's Annotated
Texas Civil Statutes, reads as follows:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permitted
by law to be assessed and collected for all of-
ficial service performed by them. As and when
such fees are collected they shall be deposited
in the Officers' Salary Fund, or funds provided
in this Act. In event the Commissioners' Court
finds that the failure to collect any fee or com-
mission was due to neglect on the part of the of-
ficer charged with the responsibility of collecting
same, the amount of such fee or commission shall be
deducted from the salary of such officer. Before
any such deduction, is made, the Commissioners'
Court shall furnish such officer with an itemized
statement of the uncollected fees with which his
account is to be charged, and shall notify such
officer of the time and place for a hearing on
same, to determine whether such officer was guilty
of negligence, which time for hearing shall be at
least ten days subsequent to the date of notice.
Unless an officer is charged by law with the re-
sponsibility of collecting fees, the Commissioners'
Court shall not in any event make any deductions
from the authorized salary of such officer."

(Underscoring ours)

Honorable C. Simmons, page 3

Section (b) of Article 3899, Vernon's Annotated Texas Civil Statutes, reads as follows:

"(b) Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premium on fire, burglary, theft, robbery insurance protecting public funds and including the cost of surety bonds for his Deputies, such expenses to be passed on, pre-determined and allowed in kind and amounts, as nearly as possible, by the Commissioners' Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff stating the necessity therefor purchase equipment for a bureau of criminal identification, such as cameras, finger print cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment in keeping with the system in use by the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification.

"Such purchases shall be made by each officer, when allowed, only by requisition in manner provided by the County Auditor, if any, otherwise by the Commissioners' Court. Each officer shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such ex-

Honorable C. Simmons, page 4

penses be incurred in connection with any particular case, such report shall name such case. Such report, invoices and requisitions shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said County Auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein.

"The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose. As amended Acts 1933, 43rd Leg. p. 734, ch. 220, section 4; Acts 1935, 44th Leg., p. 718, ch. 311, section 1; Acts 1935, 44th Leg., 2nd C. S., p. 1762, ch. 465, section 11; Acts 1937, 45th Leg., p. 1340, ch. 498, section 1." (Underscoring ours)

Honorable C. Simmons, page 5

Articles 3896, 3897 and 3898, Vernon's Annotated Civil Statutes, read as follows:

"Art. 3896. To keep accounts

"Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits for costs, together with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided."

"Art. 3897. Sworn statement

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal

year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

"Art. 3898. Fiscal year

"The fiscal year, within the meaning of this Act, shall begin on January 1st of each year; and each district, county and precinct officer shall file his report and make the final settlement required in this Act not later than February 1st of each year; provided, however, that officers receiving an annual salary as compensation for their services shall, by the close of each month, pay into the Officers' Salary Fund or funds, all fees, commissions and compensation collected by him during said month. Whenever such officer serves for a fractional part of the fiscal year, he shall nevertheless file his report and make final settlement for such part of the year as he serves and shall be entitled to such proportionate part of his compensation as the time for his service bears to the entire year."(Underscoring ours)

It will be noted that Article 3898, supra, requires that officers operating under the Officers' Salary Law must pay into the officers' salary fund all fees, commissions and compensation collected by them during said month.

The recent case of Pierson, et al, v. Galveston County, 131 S. W. (2d) 27, deals with section (a) of Article 3899, Vernon's Annotated Civil Statutes, and holds that a justice of the peace

Honorable C. Simmons, page 7

(operating under the fee system) was not entitled to re-
cover certain items of expense claimed for postage, traveling
expenses and messenger service, during certain years in of-
fice, where the justice did not render monthly statements
of such expenses as required by statute, but merely filed
annual reports estimating the expenses in lump sum amounts.
While this case involved section (a) of Article 3899, Vernon's
Annotated Civil Statutes, relative to fee officers, we wish
to point out the following highly significant language used
by the Court in said opinion:

> "The manifest purpose of this statute was
> to provide a means of ascertaining the correctness
> of expense items each month as they are incurred.
> The actual expense paid or incurred constitute the
> measure of the official's right to recoupment. The
> monthly itemization is for the protection of the
> county by affording a means of ascertaining the fact
> and amount of such claimed item of expense and whe-
> ther it was properly chargeable as such.  It is
> manifest from the annual reports and confirmed by
> the evidence that these expenses were merely estima-
> ted and a lump sum given each year.  The statute
> would be of no value if its salutory provisions
> could be evaded in this manner.  We hold the items
> properly disallowed by the commissioners' court,
> and the trial court's judgment correct in denying
> recovery therefor."

It is manifest that in salary counties the rule and
reason for filing monthly expense accounts is perhaps even more
strict than in fee counties.  It is contemplated by the statu-
tes that the necessity for such expenditures shall be in so
far as possible pre-determined by the commissioners' court for
the ensuing month before the expenditures are made; such ex-
penditures and purchases, shall be made by each officer, where
allowed, only by requisition in the manner provided by the

Honorable C. Simmons, page 8

county auditor, if any, otherwise by the commissioners'
court. The officer is required at the close of each month
of his tenure of office, to make an itemized and sworn re-
port of all **approved expenses** incurred by him and charged to
his county, accompanying such report with invoices covering
such purchases and requisitions issued in support of such
report. All approved claims and accounts are paid from the
officers' salary fund. All fees, compensation and commis-
sions must be deposited by the officer in the Officers' Sal-
ary Fund at the close of each month. The officer has no
authority to expend fees, compensations and commissions
collected by him for expenses of office, as such collections
must be placed in the Officers' Salary Fund. Any and all ex-
penses of office in Salary counties must be made in compli-
ance with Article 3899 (b), supra.


It is the opinion of this department that your
question should be answered in the negative, and it is so
answered.

Yours very truly

APPROVED MAR 14, 1941

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:EP

